# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| A+ AUTO SERVICE, LLC, | Civil Action No. 2:21-cv-1492-RMG |
| Plaintiff, | |
| v. | |
| REPUBLIC SERVICES OF SOUTH CAROLINA, LLC, | **ORDER AND OPINION** |
| Defendant. | |

This matter is before the Court on Plaintiff's motion to compel (Dkt. No. 29). Defendant responded in opposition (Dkt. No. 36), and Plaintiff replied (Dkt. No. 38). For the reasons below, the motion is granted.

## I.   Background

Plaintiff initiated this action on behalf of a putative class of South Carolina businesses alleging Defendant overcharges its customers by increasing service rates by more than is allowed in the form contract at issue and by imposing fees that are unrelated to the costs Defendant purports justifies them. (Dkt. No. 9).

Plaintiff moves to compel Defendant to produce unredacted versions of all documents that Defendant has produced in discovery thus far. (Dkt. No. 29 at 2). Plaintiff claims that nearly every document Defendant has produced in this case contains relevance-based redactions. (*Id.* at 1). Defendant admits to redacting three categories of information: (1) business activities of corporate affiliates and customers outside the state of South Carolina; (2) customer names and contact information; and (3) business practices of RSSC and/or affiliates that do not relate in any way to commercial customer price increases and fees at issue in this litigation. (Dkt. No. 36 at 3).

1

Defendants contend that the redactions are appropriate because they are based on geographic limitations set by Plaintiff's counsel and because they protect putative class member identities. (*Id.* at 4).

## II. Standard

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs to the case . . . ." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *accord Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them]."). To enforce the provisions of Rule 26, a party, under Rule 37, "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

## III. Discussion

District courts have both permitted and prohibited redactions of unresponsive portions of relevant documents. *See Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-cv-15538, 2017 WL 11536165, at *3-4 (E.D. La. Aug. 28, 2017) (citing competing lines of authority); *Hansen v.*

*Country Mut. Ins. Co.*, No. 18-cv-244, 2020 WL 5763588 (N.D. Ill. Sept. 28, 2020) (noting that the courts are divided on the question of whether parties have a right to unilaterally redact unresponsive portions of otherwise responsive documents); *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, No. 13-cv-2108, 2016 WL 720977, at *6 n.11 (acknowledging a split of authority on the question of whether relevance is a proper ground for redactions). The differing district court decisions are not irreconcilable. *Beverage Distribs., Inc. v. Miller Brewing Co.*, Nos. 2:08-cv-827, 2:08-cv-1112, 2:08-cv-1131, 2:08-cv-1136, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010).

> The themes which pervade each of them are (1) that redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case; and (3) that the Court should not be burdened with an *in camera* inspection of redacted documents merely to confirm the relevance or irrelevance of the redacted information, but only when necessary to protect privileged material whose production might waive the privilege.

*Id.* Additionally, in cases where redactions were approved by a court, "the number of redacted documents appeared to be small, and the content of the redactions was readily apparent." *Id.* at *5.

The potential harm here cannot easily be prevented by the Consent Confidentiality Order (Dkt. No. 23). Defendant was trying to avoid giving Plaintiff's counsel the opportunity to identify potential new clients. (Dkt. No. 36 at 4-5). Courts in class action cases have indeed denied the production of contact information "out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients." *Dziennik v. Sealift, Inc.*, No. 05-cv-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) And unlike concerns regarding the dissemination of sensitive information, concerns regarding counsel's opportunity to obtain additional clients by

using disclosed contact information are not addressed by a confidentiality order. The Court, however, resolves this concern by prohibiting Plaintiff's counsel from using information obtained in discovery to contact any of Defendant's customers without leave of Court.

Considering this resolution of the potential harm, the general rule against redactions, the extent of the redactions, and the fact that Defendant admits that "errors are likely to occur" during the redaction process and that some redactions were indeed made in error, (Dkt. No. 36 at 9-10), the Court finds that Defendant's relevance redactions are unnecessary and disruptive to the orderly resolution of this case. Accordingly, the Court grants Plaintiff's motion to compel and orders Defendant to produce all documents without relevance-based redactions.

## IV.   Conclusion

The Court **GRANTS** Plaintiff's motion to compel production of unredacted documents. The Court also **ORDERS** Plaintiff's counsel to seek leave of Court before using information obtained in discovery to contact any of Defendant's customers.

  s/Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

July 14, 2022  
Charleston, South Carolina