IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| A+ AUTO SERVICE, LLC, ) | Civil Action No. 2:21-cv-1492-RMG |
| ) | Civil Action No. 7:22-cv-01242-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| REPUBLIC SERVIES OF SOUTH ) | |
| CAROLINA, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion to consolidate (Dkt. No. 37). Defendant responded in opposition (Dkt. No. 39). In its opposition, Defendant argues that in the event of consolidation the Court should stay the consolidated action. (*Id.*) Plaintiff replied to Defendant's response. (Dkt. Nos. 42, 45). For the reasons below, Plaintiff's motion to consolidate is granted, and Defendant's conditional motion to stay is denied.

**I.    Background**

Plaintiff initiated this action on behalf of a putative class of South Carolina businesses alleging Defendant overcharges its customers by increasing service rates by more than is allowed in the form contract at issue and by imposing fees that are unrelated to the costs Defendant purports justifies them. (Dkt. No. 9). About a year later, four plaintiffs filed an action against Defendant on behalf of a near-nationwide[1] putative class alleging Defendant unlawfully increases rates and unlawfully imposes fees. (*Buffalo Seafood House LLC et al. v. Republic Services Inc.*, 7:22-cv-1242-RMG, (D.S.C.), Dkt. No. 1).

---

[1] Excluded from the putative class are residents of Alabama, Arkansas, Louisiana, Missouri, and Oklahoma. (*Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶ 54).

1

Plaintiff now moves to consolidate both actions to which the plaintiffs in the Buffalo Seafood action consent. (Dkt. No. 37). Defendant, in its opposition, argues that in the event of consolidation the Court, under the first-to-file rule, should stay the consolidated action based on an earlier filed class action in the United States District Court for the Eastern District of Missouri, *Pietoso, Inc. v. Republic Servs., Inc., et al.*, 4:19-cv-00397-JAR (E.D. Mo.). (Dkt. No. 39). The Court addresses both arguments below.

## II.  Standard

### A. Motion to Consolidate

The Court may consolidate actions that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). "[A] motion to consolidate must meet the threshold requirement of involving a common question of law or fact, . . . when whether to grant the motion becomes an issue of judicial discretion." *Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. 3:04-cv-630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006); *accord A/S J. Ludwig Mowinckles Rederi v. Tide Water Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977) (noting that courts are allowed broad discretion to consolidate actions pending in the same district).

In determining whether to exercise this discretion to consolidate, the Court must consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden of the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). The Court "also weights the risk of prejudice to the parties and possible juror confusion." *Davenport v. Goodyear Dunlop*

2

*Tires N.A., Ltd.*, Nos. 1:15-cv-3751, 1:15-cv-03752, 2016 WL 6216200, at *2 (D.S.C. Oct. 25, 2016).

**B. First-to-file Rule**

The first-to-file rule provides that "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing *Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc.*, 140 F.2d 47, 49 (4th Cir. 1994)). "The decision to invoke the first-filed rule is an equitable determination that is made on a case-by-case, discretionary basis," *Barr v. EQT Prod. Co.*, No. 5:14-cv-00057, 2015 WL 2452635, at *3 (N.D.W. Va. May 22, 2015), because the Fourth Circuit "has no unyielding first-to-file rule." *CACI Intern, Inc. v. Pentagen Techs. Int'l.*, 70 F.3d 111, 1995 WL 679952, at *6 (4th Cir. 1995). Exceptions to the rule are common "when justice or expediency requires." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F.Supp.2d 708, 724 (E.D. Va. 2005). The principle is a "judge-made tool" designed to promote "judicial and litigant economy, and the just and effective disposition of disputes." *Scardino v. Elec. Health Res., LLC*, No. 2:14-cv-2900-PMD, 2016 WL 1321147, at *3 (D.S.C. Apr. 5, 2016). Courts applying the principle typically stay or transfer the later-filed action.

Procedurally, the court first considers whether the two competing actions are substantively the same or sufficiently similar to come within the ambit of the first-to-file rule. To determine if there is sufficient similarity to bring the first-to-file rule into play, courts consider: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake. *Victaulic Co. v. E. Indus. Supplies, Inc.*, No. 6:13-cv-01939, 2013 WL 6388761, at *3 (D.S.C. Dec. 6, 2013). The Court may also consider "whether the balance of convenience

weighs in favor of allowing the second-filed action to proceed." *Id.* (quoting *Harris v. McDonnell, C/A*, No. 5:13-cv-00077, 2013 WL 5720355, at *3 (W.D. Va. Oct. 18, 2013).

### III. Discussion

#### A. Motion to Consolidate

Consolidation is appropriate in this instance because both cases share common questions of law and fact. Both cases involve rate increases and fee charges pursuant to the same form contract. (Dkt. No. 9, ¶¶ 23-33; *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶¶ 3-5). The cases share a common defendant in Republic. (Dkt. No. 1; *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1). The class in the Buffalo Seafood action overlaps with the class in this case. (Dkt. No. 9, ¶ 12 (seeking certification of all South Carolina customers of Republic Services who were or are a party to a Republic Services' Service Contract); *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶ 53 (proposing a South Carolina subclass consisting of all entities and people who reside in South Carolina who entered into a written contract with Republic that contained specific provisions)). Both cases involve breach of contract and unjust enrichment causes of action. (Dkt. No. 9, ¶¶ 40-89; *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶¶ 67-71, 78-81, 113-116). The statutory claims in the Buffalo Seafood action, arise from the same conduct and injury as the breach of contract and unjust enrichment claims. (*See Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶¶ 82-112, 117-149). The Defendant does not dispute that the cases share these common questions of law and fact. (*See* Dkt. No. 39 at 6-8).

Defendant argues that consolidation is improper because Defendant will be prejudiced in meeting the scheduling deadlines if this single state putative class action transforms into a near nationwide putative class action. The Court is unpersuaded by that argument because the operative discovery deadline in both cases differ by less than a month. (*Compare* Dkt. No. 49 ("Discovery

4

shall be completed no later than December 15, 2022"), *with Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 13 ("Discovery shall be completed no later than January 9, 2023)). Moreover, the Court resolves this concern by directing the parties to confer and file a joint motion proposing a scheduling order for the consolidated action.

For these reasons, the Court grants Plaintiffs motion to consolidate.

### B. First-to-file Rule

#### 1. Chronology of the Actions

The Missouri action was filed first. (*Compare*, *Pietoso*, 4:19-cv-00397-JAR, Dkt. No. 1 (filed Mar. 1, 2019), *with* Dkt. No. 1-1 (filed Apr. 14, 2021), *and Buffalo Seafood,* 7:22-cv-1242-RMG, Dkt. No. 1 (filed Apr. 16, 2022)).

#### 2. Similarity of the Parties

For purposes of identify of the parties in a class action, courts have looked at whether there is substantial overlap between the putative classes. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790-91 (6th Cir. 2016) (finding that the parties are similar because a plaintiff bringing an individual claim would undoubtedly be a member of the earlier filed cases class if certified). Two class actions possessing mutually exclusive classes do not have "substantially similar" parties for purposes of the first-to-file rule. *See Wilkie v. Gentiva Health Servs., Inc.*, No. 10-cv-1451, 2010 WL 3703060, at *4 (E.D. Cal. Sept. 16, 2010) (finding two putative class actions against the same defendant did not have substantially similar parties where it was unclear whether the putative classes overlapped); *Gardner v. GC Servs., LP*, No. 10-cv-997, 2010 WL 2721271, at *5 (S.D. Cal. July 6, 2010) (finding two putative class actions did not have substantially similar parties where there was "no overlap at all, much less 'substantial overlap'" between the putative classes); *but see Granillo v. FCA U.S. LLC*, No. 15-cv-02017, 2016 WL 8814351, at *3-4 (C.D.

Cal. Jan. 11, 2016) (finding first-to-file rule applied where putative classes in both actions are mutually exclusive but Defendant is the sole defendant in both actions).

Substantial identity of the putative classes is not present here. Since the filing of Defendant's opposition, the putative class in the Missouri action has been limited to residents of Missouri. (*See Pietoso*, 4:19-cv-00397-JAR, Dkt. No. 70, ¶ 2 ("Plaintiff Pietoso, Inc. intends and stipulates to seek certification of classes of persons and entities similarly situated which are residents of Missouri. Plaintiff Pietoso, Inc. intends and stipulates to not seek certification of classes of persons and entities which are residents of other states.")). The putative class in the consolidated case does not include Missouri residents. (*See Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶ 54). Amongst the five defendants in the consolidated action and the two defendants in the Missouri action, only one is common, Republic Services, Inc. (*Compare*, *Buffalo Seafood*, 7:22-cv-1242-RMG, *with Pietoso*, 4:19-cv-00397-JAR). Even considering this common defendant, the Court finds that there is not substantial identity of parties between the cases.

### 3. Identity of the Issues

Like the identity of the issues, the issues in the first and second action need not be identical but should be substantially similar. *Victaulic Co*, 2013 WL 6388761, at *3. Some courts have held that two actions were substantially similar, even when the legal theories raised differed, because the alleged misconduct challenged was the same in both actions. *Granillo*, 2016 WL 8814351, at *4 (citing *Herrera v. Wells Fargo Bank, N.A.*, No. 11-cv-1485, 2011 WL 6141087, at *2 (N.D. Cal. Dec. 9, 2011).

Defendant argues that both actions involve liability arising from the same form contract used by Republic to enter into agreements with class members. (Dkt. No. 39 at 9). Plaintiff argues that the causes of actions differ between the two cases. (Dkt. No. 42 at 9). The Missouri case only

6

raises breach of contract claims (*Pietoso*, 4:19-cv-00397-JAR, Dkt. No. 1, ¶¶ 98-110). The consolidated action will include breach of contract claims, unjust enrichment claims, and statutory deceptive trade practice claims. (Dkt. No. 9, ¶¶ 40-89; *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶¶ 67-149). While there is a significant difference between the claims asserted and remedies requested in the two actions, the alleged misconduct is the same. (*Compare*, *Pietoso*, 4:19-cv-00397-JAR, Dkt. No. 1, ¶¶ 1-6 *with*, Dkt. No. 9, ¶¶ 1-6 *and*, *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶¶ 1-6).

The Court acknowledges that there could be substantially similarity of issues between the two cases but declines to find that the first-to-file rule applies because there is not complete identity of issues and because there are mutually exclusive putative classes. Moreover, the Court finds the balance of convenience weighs in favor of allowing this case to proceed.

IV.   **Conclusion**

For the foregoing reasons, Plaintiff's motion to consolidate (Dkt. No. 37) is **GRANTED**, and Defendant's conditional motion to stay is **DENIED**. It is **ORDERED** that Civil Action No. 2:21-cv-01492-RMG be consolidated with Civil Action No. 7:22-cv-01242-RMG. Civil Action No. 7:22-cv-01242-RMG will be designated the lead case and the parties are **DIRECTED** to file all future pleadings on that docket. Additionally, the parties are **DIRECTED** to file a joint motion proposing a scheduling order for the consolidated action within 10 days of this Order.

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 18, 2022
Charleston, South Carolina