IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Buffalo Seafood House, LLC, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>Republic Services, Inc., et al.,<br><br>    Defendants. | Case No. 7:22-cv-1242-RMG |
| A+ Auto Service, LLC,<br><br>    Plaintiff,<br>  v.<br><br>Republic Services of South Carolina, LLC,<br><br>    Defendant. | Case No. 2:21-cv-01492-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff's motions to compel (*A+ Auto Serv., LLC v. Republic Servs. of S.C., LLC*, 2:21-cv-01492-RMG, Dkt. No. 50; *Buffalo Seafood House, LLC v. Republic Servs., Inc.*, 7:22-cv-1242-RMG, Dkt. No. 63). Defendant responded in opposition to both motions (*A+ Auto*, 2:21-cv-01492-RMG, Dkt. Nos. 55, 63; *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 66), and Plaintiff replied (*A+ Auto*, 2:21-cv-01492-RMG, Dkt. No. 56, 74; *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 69, 71). For the reasons below, the motions to compel are granted.

**I.    Background**

This consolidated, near-nationwide[1] putative class action pertains to allegations that Defendants overcharge their customers by increasing service rates by more than is allowed in the

---

[1] Excluded from the putative class are residents of Alabama, Arkansas, Louisiana Missouri, and Oklahoma. (*Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶ 54).

form contract at issue and by imposing fees that are unrelated to the costs Defendants purport justifies them. (*Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 14 at 1).

Before consolidation, Plaintiff in the *A+ Auto* Action moved to compel Defendant Republic Services of South Carolina ("RSSC") to produce (1) income statements by month, from 2018 through the present, for all revenue and expense accounts and subaccounts (for all corporate levels); (2) customer data that is maintained for each member of the putative class from 2018 through the present (including identification, contract, fee and pricing, billing, and payment data); (3) all contracts in effect with putative class members during the class period that are stored in electronic form; (4) all documents reflecting policies, procedures, practices, or guidelines regarding rate increases and/or "Fuel Environmental Recovery Fees"; and (5) identities of all employees or officers responsible for setting policies and procedures regarding rate increases and fees (and communicating such rate increases or fees with customers) who are not at the customer service level). (*A+ Auto*, 2:21-cv-01492-RMG, Dkt. No. 50 at 6).

After consolidation, in a subsequent motion to compel, Plaintiffs in the consolidated action moved to compel Defendant Republic Services, Inc. ("RSI") to produce (1) income statements by month from 2012 through the present, for all revenue and expense accounts and subaccounts (for all corporate levels); (2) customer data that is maintained for each member of the putative class from 2012 through the present (including identification, contract, fee and pricing, billing, and payment data; (3) all contracts with putative class members during the class period that are stored in electronic form; (4) all documents reflecting policies, procedures, practices or guidelines regarding rate increases and/or "Fuel/environmental Recovery Fees"; (5) identities of all employees or officers with knowledge of practices and policies regarding rate increases and fees

(and RSI"s corporate structure) who are not at the customer service level. (*Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 63 at 2-3).

Thus, both motions to compel request the same information from different parties, RSSC for the *A+ Auto* case and RSI for the *Buffalo Seafood* case. RSI and RSSC (collectively, "Defendants") have generally objected to Plaintiffs' requests as requesting information from non-party subsidiaries and as unduly burdensome. (*A+ Auto*, 2:21-cv-01492-RMG, Dkt. Nos. 55, 63; *Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 66).

The matter is ripe for the Court to consider Plaintiffs' requests and Defendants objections to Plaintiffs requests.

**II.     Standard**

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case . . . ." Fed R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 N.16 (4th Cir. 1995); *accord Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before

[them].") To enforce the provisions of Rule 26, a party, under Rule 37, "may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1).

### III. Discussion

#### 1. Income statements by month for all revenue and expense accounts and subaccounts

Plaintiffs request monthly financial statements that show monthly revenue and costs for Defendants for all accounts and subaccounts. This request seeks information from RSSC, RSI, and other subsidiaries of RSI.

##### a. Documents Requested from RSI

Plaintiffs claim that these documents are relevant to show that the fees and price increases are unlawful in part because they do not reflect the costs that purportedly justify them. Plaintiffs also claim that these documents are relevant to damages because the documents can show the amount of charges Defendants retained above their purported costs.

RSSC, in the *A+ Auto* case, objects to Plaintiff's request because it sought to compel production of financial information from RSI, which is a different legal entity. RSI, in the *Buffalo Seafood* case, objects to Plaintiff's request for financial discovery as irrelevant to the case because price increase decisions are made at the local subsidiary level and are based on the expense incurred at that same local level. Additionally, RSI argues that it would be burdensome to collect and produce RSI's financial information.

The Court finds that, in light of Plaintiff's extensive alter ego allegations, RSI's financial information is relevant to the case for Plaintiff's alter ego theory, damages, and the legitimacy of the fees and prices increases. The Court is not persuaded that this information would be overly burdensome to produce. Accordingly, The Court orders RSI to produce income statements by month from 2012 through present.

### b. Additional Documents Requested from RSSC

Plaintiffs argue that RSSC has only produced a limited, self-selected portion of a financial report that does not include all accounts and subaccounts and does not include the entire time period at issue. Defendants do not argue that this information is relevant but contends that this challenge is belated and that RSSC has produced all the information that Plaintiff has requested.

Because Defendants do not dispute the relevance of this information or contend that it would be overly burdensome to produce, the Court orders RSSC to produce, to the extent it has not already, all financial statements for all accounts and subaccounts for the relevant time period.

### c. Documents Requested for other RSI subsidiaries

Plaintiffs request that RSI produce financial information for all corporate levels. Plaintiff argues that these documents are relevant to Plaintiff's alter ego theories, the legitimacy of the fees and price increases, and the damages in this case. Defendant argues that Plaintiff cannot compel production of information from non-parties to the litigation and notes that RSSC is the only hauling subsidiary defendant in this litigation. Defendant also argues that it would be extremely burdensome to produce financial information for over 600 subsidiaries for a 10-year period (from 2012 to 2022).

Rule 34 requires the production of discoverable evidence within the possession, custody, or control of the party. Fed. R. Civ. P. 34(a). Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control or the legal right to obtain the documents on demand. *See Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 739 (E.D.N.C. 2000) ("[I]n order for the material to be discoverable, defendant must have some type of legal right to the material plaintiff seeks to discover."). The "party seeking production of documents bears the burden of establishing the opposing party's control over those documents."

5

*Prodigious Ventures, Inc. v. YBE Hosp. Grp.*, LLC, No. 5:14-CV-433-F, 2016 WL 1248806, at *4 (E.D.N.C. Mar. 25, 2016) (citations omitted).

Plaintiffs have asserted facts that could support a finding that RSI exercises control over its subsidiaries. Additionally, the court in *Bleecker* observed that "[r]elationships which evidence a legal right of a party to obtain a document from [a] non party include . . . a parent company from a subsidiary company." *Bleecker*, 130 F.Supp. 2d at 739.

Accordingly, the Court, considering the purported burden on Defendants, orders RSI to produce electronically stored financial information for its non-party subsidiaries.

2. **Customer data that is maintained for each member of the putative class (including identification, contract, fee and pricing, billing, and payment data)**

In both the *A+ Auto* case and the *Buffalo Seafood* case, Plaintiffs seek to compel production of class member data and contracts. Plaintiff argues that this information will allow Plaintiff to identify class members and calculate damages incurred by each member and the class as a whole. Additionally, Plaintiffs argue that this information relates to their theory that RSI and its subsidiaries proceed in uniform manner when assessing fees and raising prices.

Defendants argue that production of all of the requested information would be overly burdensome. Defendants support this argument with a declaration explaining that it would take between 60,000 and 100,000 hours for its employees to search for, identify, collect, download/scan the contracts and invoices from physical files and different databases for just the 15,000 was hauling customers in South Carolina.

Plaintiffs counter Defendants argument by narrowing their request to only electronically stored information, not physical files. Plaintiffs further narrowed their request to data that is present in the "Data Warehouse," which, according to deposition testimony, was the database Defendants used to retrieve data to support removal.

The Court orders RSI to produce customer data, such as identification, contract, fee and pricing, billing, and payment data, that is maintained for each member of the putative class from 2012 through the present that is present in the Data Warehouse.

3. **All documents reflecting policies, procedures, practices, or guidelines regarding rate increases and/or "Fuel/Environmental Recovery Fees"**

Plaintiff seeks information and documents reflecting the procedures, practices, or guidelines for rate increases and fee assessments. RSI argues that fee and rate decisions are made at the local subsidiary level leaving nothing for RSI to compel. RSI also argues that it is not required to produce information or documents from its subsidiaries.

As mentioned above, Plaintiffs have asserted facts that indicate RSI asserts control over its subsidiaries. Accordingly, the Court, considering the purported burden on Defendants to produce this information for over 600 subsidiaries and the relative need of this information, the Court orders RSI to produce a representative sample of policies, procedures, practices, or guidelines regarding rate increases and fee assessments. The representative sample shall include information from at least one subsidiary in each state where putative class members reside. If, after reviewing the information from the representative sample, Plaintiffs determine they need additional discovery, they must first make a new request for production to Defendants and, if necessary, then file a new motion to compel.

4. **Identities of all employees or officers responsible for setting policies and procedures regarding rate increases and fees (and communicating such rate increases or fees with customers) who are not at the customer service level**

Plaintiff seeks identities of all employees or officers responsible for setting policies and procedures regarding rate increases and fees. RSI argues that fee and rate decisions are made at the local subsidiary level and that RSI employees do not decide the price increases or fees imposed

by the subsidiaries. Defendants also indicated that, during meet and confers, Plaintiffs' counsel was not interested in names of employees of local subsidiaries.

Accordingly, the Court, considering the purported burden on Defendants to produce this information for over 600 subsidiaries and the relative need of this information, the Court orders RSI to produce a representative sample of identities of employees or officers. The representative sample shall include identities from at least one subsidiary in each state where putative class members reside. If after reviewing the information from the representative sample, Plaintiffs determine they need additional discovery, they must first make a new request for production from Defendants and, if necessary, then file a new motion to compel.

## IV.  Conclusion

For the reasons stated above, Plaintiff's motions to compel (*A+ Auto Serv., LLC v. Republic Servs. of S.C., LLC*, 2:21-cv-01492-RMG, Dkt. No. 50; *Buffalo Seafood House, LLC v. Republic Servs., Inc.*, 7:22-cv-1242-RMG, Dkt. No. 63) are granted. Defendants are ordered to produce to Plaintiffs the relevant information as outlined in this Order.

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 20, 2023
Charleston, South Carolina