# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Buffalo Seafood House, LLC, et al., | Case No. 7:22-cv-1242-RMG |
| Plaintiffs, | |
| v. | |
| Republic Services, Inc., et al., | |
| Defendants. | |
| | |
| A+ Auto Service, LLC, | Case No. 2:21-cv-01492-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Republic Services of South Carolina, LLC, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion to Control Class Member Contact (Dkt. No. 38). Defendants responded in opposition (Dkt. No. 53), and Plaintiffs replied (Dkt. No. 58). For the reasons stated below, the Court grants Plaintiffs' motion.

**I.    Background**

This consolidated, near-nationwide[1] putative class action alleges that Defendants overcharge their customers by increasing service rates by more than is allowed in a form contract and by imposing fees that are unrelated to the costs Defendants purport justifies them. (Dkt. No. 1, ¶ 3). Plaintiffs' claims involve a form contract which Defendants used to enter into agreements with commercial and industrial customers. (*Id.*) Plaintiffs allege that Defendants price increases and fee assessments violated the form contract. (*Id.* ¶¶ 67-81).

---

[1] Excluded from the putative class are residents of Alabama, Arkansas, Louisiana Missouri, and Oklahoma. (*Buffalo Seafood*, 7:22-cv-1242-RMG, Dkt. No. 1, ¶ 54).

1

In the current motion, Plaintiffs allege that Defendants entered into new contracts with some putative class members and that the new contracts contain arbitration and class waiver provisions that bars any party who signs it from participating in or recovering through this litigation. Plaintiffs argue that Defendants have entered into these new contracts deliberately with the intention to reduce Defendants' liability.

Defendants contend that they did not wrongly enter new contracts with putative class members and that Plaintiffs' motion seeks to interfere with routine business practices.

The matter is now ripe for the Court's review.

## II. Standard

The Court has "the duty and broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). See also *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 171, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (applying same reasoning to collective actions). Such control may include an "order limiting communications between parties and potential class members" to further the general principles of a collective action in federal court. *Gulf Oil Co.*, 452 U.S. at 99, 101, 101 S.Ct. 2193. "[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101, 101 S.Ct. 2193. The order must be carefully drawn to limit speech "as little as possible." *Id.* Court may also order other remedies, as appropriate. *Id.* at 104, 101 S.Ct. 2193.

In a test applied by district courts in the Fourth Circuit, the Court should be satisfied that "(1) 'a particular form of communication has occurred or is threatened to occur' and (2) 'the particular form of communication at issue is abusive in that it threatens the proper functioning of

2

the litigation.' " *Ross v. Wolf Fire Protection, Inc.*, 799 F.Supp.2d 518, 526 (D.Md.2011) citing *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 697–98 (S.D.Ala.2003). "Abusive practices that have been considered sufficient to warrant a protective order include communications that coerce prospective class members into excluding themselves from the litigation; communications that contain false, misleading or confusing statements; and communications that undermine cooperation with or confidence in class counsel." *Cox Nuclear Med.*, 214 F.R.D. at 698. See also *Randolph v. PowerComm Const., Inc.*, 41 F. Supp. 3d 461, 465 (D. Md. 2014) (same); *Ross*, 799 F. Supp. 2d at 526 (same).

**III.     Discussion**

The Parties have submitted briefs supported by documentary evidence and signed affidavits and have thus provided the Court with a clear record to find that the Defendants conduct was impermissible, warranting a protective order from the Court.

First, it is undisputed that a "particular form of communication" has occurred here. The evidence shows, and Defendants have not disputed, that Defendants have offered agreements with arbitration clauses and class waiver provisions to existing customers.

Plaintiffs contend that Defendants' communications, the offering of agreements with arbitration clauses and class wavier provisions to existing customers, are abusive and threatens the proper function of this litigation. Plaintiff characterizes the communication as attempts to coerce potential class members into waiving their rights to this litigation. Plaintiff argues that Defendants' communication is abusive because of the context in which Defendants offer the new contract to customers. Plaintiff alleges that Defendants, after increasing rates as alleged in the complaint, would agree to reduce those rates if the customers signed the new contract that contained the arbitration and class wavier provisions. Plaintiff further contends that if customers did not sign the

3

new agreements, Defendants would charge the full rates and threaten proceedings to collect liquidated damages if the customers refused to pay the full rates. Plaintiff also argues that the communications are coercive because Defendants do not inform putative class members how the new contract would affect their rights in the litigation.

Defendants characterize the communications as the regular business practice of negotiating and entering into new contracts with their current customer bases. Defendants additionally argue that their actions are proper because they began this practice on April 2, 2021, before any of the plaintiffs in the consolidated actions filed suit. Plaintiffs, however, note that Defendants began this practice after similar litigation against Republic Services, Inc. was initiated in Missouri. (*Pietoso, Inc. v. Republic Servs., Inc.*, No. 4:19-cv-397-JAR, (E.D. Mo. March 1, 2019), Dkt. No. 1). Additionally, Defendants do not dispute that they offer their customers the new contract in exchange for reducing rates. Nor do Defendants dispute that it does not disclose this litigation when entering new contracts or how the new contract might affect the customers rights in the litigation.

The timing and context of Defendants communications support a finding that the new contracts were offered to reduce the number of potential class members in this case. Accordingly, the Court holds that such communications are improper and threaten the proper functioning of this litigation.

The Court therefore orders the following:

1. Defendants may enter into new agreements with putative class members as part of its standard business practices, but if such agreements purport to limit class members' rights in this litigation, Defendants must first fully disclose to those customers the existence of this litigation and the consequence of executing the new

4

agreement. When notifying those customers of the litigation, Defendants shall also notify the customers of their right to contact class counsel before entering the new agreement and provide class counsel's contact information.

2. Defendants shall notify all putative class members (or former putative class members) who entered into a new agreement containing an arbitration and/or class waiver provision after March 2019 of the existence and allegations of the litigation and of the right to contact class counsel. Defendants shall also provide such customers the opportunity to replace the new agreement with the prior contract's standard terms.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Control Class Contact (Dkt. No. 38) is **GRANTED**.

March 22, 2023

s/ Richard Mark Gergel
United States District Court Judge